UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brian Matthew Evans,

                Petitioner,     Case No. 16-cv-12956

v.                                     Judith E. Levy
                                         United States District Judge

Tony Trierweiler,

                                     Mag. Judge Patricia T. Morris
                Respondent.

_____/

**ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR A WRIT OF HABEAS CORPUS [1], DENYING MOTION TO STRIKE AND/OR STAY PROCEEDINGS [4], DENYING MOTION TO AMEND OR CORRECT PETITION [7], AND DENYING CERTIFICATE OF APPEALABILITY**

      Brian Matthew Evans ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a letter with the Court on or about August 12, 2016, which was docketed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of first-degree murder, MICH. COMP. LAWS § 750.316; armed robbery, MICH. COMP. LAWS § 750.529; torture, MICH. COMP. LAWS § 750.85; felon in possession of a firearm, MICH. COMP. LAWS §

750.224f; and possession of a firearm in the commission of a felony, MICH. COMP. LAWS § 750.227b.

Petitioner has also filed a motion to strike and/or a motion to stay the proceedings and hold the petition in abeyance to permit him to exhaust claims currently pending before the state trial court. (Dkt. 4.) For the same reason, Petitioner has also filed a motion to amend or correct his petition for a writ of habeas corpus. (Dkt. 7.)

For the reasons set forth below, the Court denies the motion to strike and/or stay the proceedings and hold the petition in abeyance, denies the motion to amend or correct the petition, and dismisses without prejudice the letter docketed as a petition so Petitioner may exhaust all of his claims.

## I. BACKGROUND

Petitioner was convicted on the five counts listed above following a jury trial in the Wayne County Circuit Court. Petitioner appealed his conviction with the state courts, and direct review of his claims concluded on November 13, 2015, when the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Evans,* 498 Mich. 913 (2015).

On August 5, 2016, Petitioner filed a motion for post-conviction relief from judgment with the Wayne County Circuit Court. The motion is currently pending.

On August 12, 2016, Petitioner filed a letter with the Court, stating he had a motion for post-conviction relief pending with the state trial court, but was "aware of the Federal Habeas Corpus timeline requirement" and requested the Court toll the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) so he could file a habeas petition after the state court proceedings concluded. (Dkt. 1 at 2.)

On September 6, 2016, Petitioner filed a motion to strike and/or stay the proceedings and hold the petition in abeyance. (Dkt. 4.) In this motion, Petitioner states he "has yet to file any Petition for Writ of Habeas Corpus Pursuant to USCS § 2254 within this Honorable Court," and insists "he has **NOT** made any attempts to file a writ of habeas corpus in this Federal Court." (*Id.* at 1 (emphasis in original).) Petitioner nonetheless requests the Court hold the petition in abeyance.

On November 21, 2016, Petitioner filed a motion to amend or correct his original filing, explaining his motion for post-conviction relief

was still pending before the trial court and many of the claims he would like to bring in a habeas petition are not yet exhausted. (Dkt. 7.) In this latter motion, Petitioner has listed the unexhausted claims, but not explained the facts underlying each claim.

## II. DISCUSSION

Upon the filing of a habeas corpus petition, a court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. If the court determines the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Because Petitioner has requested the Court stay proceedings and hold his petition in abeyance, the Court will consider whether Petitioner's filings are an attempt to file a "protective" petition that may be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)).

Rule 2(c) of the Rules Governing Section 2254 Cases states that a habeas petition must specify all grounds for relief and state the facts supporting each ground. Here, Petitioner's initial filing does not specify the grounds or facts for relief. Thus, this filing cannot be construed as a petition or a "protective" petition, and there is nothing to hold in abeyance. *See, e.g.*, *Hall v. Trierweiler,* Case No. 16-cv-10126, 2016 WL 3611887, at *1–2 (E.D. Mich. July 6, 2016) (declining to construe Motion to Hold Habeas Petition in Abeyance as a petition for writ of habeas corpus); *see also Plitt v. On Habeas Corpus*, Case No. 1:07-cv-00341, 2007 WL 1412048, *1 (E.D. Cal. May 11, 2007) (same).

Petitioner's motion for a stay cannot serve as his petition because he has failed to specify the grounds for relief. The motion to amend or correct the initial filing also cannot serve as the petition because, while it includes the potential grounds for relief, it does not include any facts to support the grounds for relief. Thus, the filings do not conform to Rule 2(c) and the Court is also unable to determine whether Petitioner's claims have any merit. *See, e.g.*, *Socha v. Boughton,* 763 F.3d 674, 683 (7th Cir. 2014) (petitioner's request for an extension of time for filing could not serve as the actual petition because it focused exclusively on

5

the need for more time, and did not specify any grounds for relief or relevant facts); *Warren v. Harrison,* 244 F. App'x 831, 832 (9th Cir. 2007) (neither petitioner's extension of time nor request for the appointment of counsel constituted a petition for writ of habeas corpus).

Moreover, it does not appear Petitioner wishes to file his petition for a writ of habeas corpus at this time. All of his filings request the Court toll the statute of limitations related to any future habeas petition he may file, but does not request relief on any other grounds. Before a district court re-characterizes a pleading as a habeas petition, it must give notice to the petitioner that it will convert the filing into a section 2254 petition, and then give the petitioner the option of withdrawing the filing. *Martin v. Overton,* 391 F.3d 710, 713 (6th Cir. 2004) (quoting *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002)) (holding the district court should have dismissed the petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice).

Rather than re-characterize any of Petitioner's current filings as a petition for writ of habeas corpus, the Court dismisses his case without

prejudice to avoid any adverse consequences with respect to any section 2254 claim or claims that Petitioner may wish to bring in the future.

Even if any of Petitioner's motions were construed as a habeas petition, the Court declines to stay the proceedings and hold the petition in abeyance. A federal court may stay a petition if the court can determine "there was good cause for the Petitioner's failure to exhaust his claims first in state court" and the claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Here, there is no reason to stay the petition, as Petitioner is currently attempting to exhaust his claims and has not provided facts from which the Court could determine the merit of the claims. Thus, Petitioner's motion for a stay of proceedings is denied.

Because there is no petition pending before the Court, there is also no petition to amend. Accordingly, the Court also denies Petitioner's motion to amend his initial filing.

Finally, there is no need to grant Petitioner's request to toll the statute of limitations. There are over six months of the one-year statute of limitations remaining. The one-year statute of limitations began to run on February 12, 2016 because Petitioner did not petition for a writ

of certiorari from the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (statute of limitations runs after the 90-day period for seeking writ of certiorari expires); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002) (same). But 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled during the pendency of any state post-conviction motion. Thus, when Petitioner filed his state post-conviction motion for relief from judgment with the Wayne County Circuit Court on August 5, 2016, the statute of limitations began to toll, and Petitioner has approximately six months in which to file a habeas petition after the state court proceedings conclude.

### III. Conclusion

For the reasons set forth above, the Court dismisses without prejudice Petitioner's initial filing and denies his motions to stay the proceedings and to amend his initial filing. When a Court dismisses a habeas petition, it must also decide whether to issue a certificate of appealability. Fed. R. App. P. 22. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate

8

this denial, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal citation omitted).

Reasonable jurists would not debate the Court's decision to dismiss without prejudice Petitioner's initial letter and deny the motions to stay the proceedings and hold the petition in abeyance and to amend the petition. Thus, the Court denies a certificate of appealability.

Accordingly, Petitioner's letter, which was docketed as a petition for a writ of habeas corpus, is DISMISSED WITHOUT PREJUDICE. (Dkt. 1.) Petitioner's motion to strike and/or stay the proceedings or hold the petition in abeyance is DENIED. (Dkt. 4.) Petitioner's motion to amend or correct his petition is DENIED. (Dkt. 7.) A certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated: January 13, 2017             s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY
                                    United States District Judge

9

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2017.

                                  s/Felicia M. Moses
                                  FELICIA M. MOSES
                                  Case Manager